UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD ARMSTRONG, | No. C 06-6854 SI (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| BEN CURRY, warden, | |
| Respondent. | |

## INTRODUCTION

Howard Armstrong, an inmate at the Correctional Training Facility in Soledad, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition and amendment thereto are before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Armstrong reports in his petition that he was convicted in the San Diego County Superior Court of second degree murder and was sentenced in 1988 to 15 years to life in prison. His petition does not challenge his conviction but instead challenges a decision by the Board of Prison Terms ("BPT") at a December 6, 2004 hearing that found him not suitable for parole.

The court required Armstrong to file an amendment to identify a proper respondent. He filed an amended petition, which the court construes as an amendment to the petition, naming the warden as the respondent. The warden has been substituted in as the respondent

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Armstrong alleges that the BPT's decision at the December 6, 2004 hearing that he was unsuitable for parole violated his right to due process because it was not supported by some evidence and was arbitrary and capricious. Liberally construed, the allegations state a cognizable claim for a due process violation. See Board of Pardons v. Allen, 482 U.S. 369 (1987); Sass v. California Board of Prison Terms, 461 F.3d 1123, 1128-29 (9th Cir. 2006) (adopting some evidence standard for disciplinary hearings outlined in Superintendent v. Hill, 472 U.S. 445, 454-55 (1985)); Biggs v. Terhune, 334 F.3d 910 (9th Cir. 2003).

Armstrong filed in this action a copy of the transcript of his 2006 parole hearing at which he was again denied parole. He stated that the 2006 decision had not become final. Armstrong is advised that he may not litigate any claims regarding the 2006 parole denial in this action. If he wishes to assert any claims regarding the 2006 parole denial, he must file a new and separate habeas action concerning the 2006 parole denial, after that decision becomes final and after he exhausts state court remedies as to any claims concerning that parole denial decision.

/ / /

/ / /

/ / /

**CONCLUSION**

For the foregoing reasons,

1. The due process claim is cognizable and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **July 13, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **August 17, 2007**.

IT IS SO ORDERED.

DATED: May 2, 2007

_____
SUSAN ILLSTON
United States District Judge