UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD ARMSTRONG, | No. C 06-6854 SI (pr) |
| Petitioner, | **ORDER DENYING MOTION TO DISMISS** |
| v. | |
| BEN CURRY, warden, | |
| Respondent. | |

Petitioner filed a petition for writ of habeas corpus to challenge a decision by the Board of Parole Hearings ("BPH") at a December 6, 2004 hearing that found him not suitable for parole. Before he filed this action, petitioner had another BPH hearing on June 15, 2006, at which he was found suitable for parole. After he filed this action, the Governor reversed the BPH's 2006 decision, and found petitioner unsuitable for paroles. Petitioner remains in prison.

Respondent now moves to dismiss this action as moot, arguing that the BPH's 2006 decision makes petitioner's challenge to the BPH's 2004 denial of parole moot. The Ninth Circuit has held otherwise, concluding that a later parole decision does not make moot a challenge to an earlier decision because the problems are capable of repetition yet evading review. See Paluzzi v. Solis, 9th Cir. No. 04-16799 (May 18, 2007 memo. disp.). Although Paluzzi was an unpublished decision, it was a reversal in one of the undersigned's cases and therefore persuades the court not to reach the same result that the appellate court has already rejected. The petition is not moot. Respondent's motion to dismiss is DENIED. (Docket # 10.)

1       In light of the denial of the motion to dismiss, the court now sets the following new briefing schedule for the petition:

      1.     Respondent must file and serve upon petitioner, on or before **March 21, 2008**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

      2.     If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **April 25, 2008**.

      IT IS SO ORDERED.

DATED: January 18, 2008

                                                SUSAN ILLSTON
                                        United States District Judge